948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Harold HARVEY, Jr., a/k/a Andy Harvey, Defendant-Appellant.
 No. 91-7068.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1991.
Decided Nov. 20, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-89-137-5; CR-89-182-5)
 Jerry Harold Harvey, Jr., appellant pro se.
 John Patrick Rowley, III, Office of the United States Attorney, Alexandria, Va., for appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Proceeding pro se, Jerry Harold Harvey, Jr., a convicted felon, appeals the district court order denying his request to marry. We find that the district court applied the incorrect standard in reaching its decision. We therefore vacate the district court's order and remand for analysis under the correct standard.
 
 
 2
 Harvey currently is incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania, serving concurrent forty-one month sentences for possession with intent to distribute and distribution of oxycodone, also known as "Tylox," and receipt of stolen property affecting interstate commerce, to be followed by concurrent five year terms of supervised release. He filed a motion in federal district court requesting permission to enter into marriage with Gerlene Blankenship, who currently is serving a three-year term of supervised release.* The district court denied the motion on the ground that the conditions of both Harvey's and Blankenship's supervised release prohibit them from associating with anyone engaged in criminal activity or anyone convicted of a felony unless granted permission by their probation officers. The court noted that Blankenship's probation officer did not plan to grant the required permission and that the court did not intend to revise the conditions of either individual's supervised release.
 
 
 3
 On appeal, a district court's findings of fact are not to be set aside unless they are clearly erroneous. Fed.R.Civ.P. 52. Conclusions of law by the district court are reviewed de novo. Pullman-Standard, Div. of Pullman, Inc. v. Swint, 456 U.S. 273, 287 (1982).
 
 
 4
 Although it is subject to restrictions, prisoners have a constitutionally protected right to marry. Turner v. Safley, 482 U.S. 78, 96 (1987). Restrictions on constitutionally protected rights will be upheld if the restrictions are reasonably related to the interests of prison administration. Id. at 89. The Supreme Court established four criteria to consider in determining whether a restriction on prisoners' constitutional rights meets this standard:
 
 
 5
 1. Is there a valid, rational nexus between the restriction and the legitimate interest the government alleges to justify it?
 
 
 6
 2. Do prisoners have an alternate means of exercising the restricted constitutional right?
 
 
 7
 3. What impact will allowing prisoners to exercise the restricted constitutional right have on guards, inmates, and prison resources?
 
 
 8
 4. Are there readily available alternatives to restricting the constitutional right?
 
 
 9
 See id. at 89-90.
 
 
 10
 In this case, the district court did not utilize these criteria in deciding to deny Harvey permission to marry. Instead, the court denied Harvey's motion based upon the terms of his and Blankenship's supervised release and because Blankenship's probation officer had decided not to grant her permission to deviate from the terms of her supervised release.
 
 
 11
 Because the district court failed to apply the correct legal standard for considering a prisoner's request to marry, the district court's order is vacated and the case is remanded for analysis consistent with this opinion. We deny Harvey's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 VACATED AND REMANDED.
 
 
 
 *
 Federal regulations provide an administrative procedure for inmates to request permission to marry. First, an inmate must submit a request to his prison unit. 28 C.F.R. § 551.13(a) (1991). The prison warden can grant such permission. If permission is denied, the inmate can challenge that decision through the prison administrative remedy procedure. 28 C.F.R. §§ 542.15 and 551.13(b) (1991). Instead of following this procedure, Harvey directly petitioned the court for permission to marry